■ ARNOLD GENKINS, Respondent, v 165 WEST 76TH STREET ASSOCIATES et al., Appellants and Third-Party Plaintiffs. CALRAY GAS SERVICES, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendants. [613 NYS2d 890] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about January 20, 1994, which, insofar as appealed from, denied defendants' motion for summary judgment, unanimously affirmed, without costs.

We agree with the IAS Court that defendant owners of the premises failed to come forward with evidentiary proof in admissible form sufficient to establish that the decedent's injuries and ensuing death were not caused by scalding hot water emanating from the shower in her apartment, or that at the time of the occurrence they lacked notice of the existence of such a dangerous condition *(see, Bush v St. Clare's Hosp.,* 82 NY2d 738). In a circumstantial evidence case such as this, and especially where the injured person is unable to testify, the mere possibility that the accident may have been caused by factors other than the defendants' negligence does not necessarily mean that the plaintiff has failed to make out a prima facie case *(Brito v Manhattan & Bronx Surface Tr. Operating Auth.,* 188 AD2d 253, 254, *appeal dismissed* 81 NY2d 993). We also agree with the IAS Court that the applicability of the doctrine of res ipsa loquitur is a question that should await development at trial of whatever proof defendants may have to substantiate their claims that the decedent's own negligence contributed to the accident and that they lacked exclusive control of the device that controlled the supply of hot water to the decedent's apartment. Concur— Sullivan, J. P., Carro, Wallach, Williams and Tom, JJ.